Lansing, Ch. J.,
delivered the opinion of the court. The affidavit of the defendant as to the place where the cause of action arose, is in the usual form, and instead of the plaintiff’s meeting the application by stipulating to give evidence arising in the county where the venu.e is laid, he has sworn that the cause of action arose in another county, (Saratoga,) and that two of his witnesses resided there; at the samé time cautiously avoiding the negative, that the cause of action did not arise elsewhere. This was irregular, and cannot assist him to retain the venue at Albany.
As to the other objection, although the declaration contains the money counts only, yet the special agreement may still come in question, and therefore, unless the plain-[*241] tiff *will stipulate that he will give no evidence of a special agreement, or that he will give material evidence arising in the city and county of Albany, the venue ought to be changed.
Rule granted.(a)

 Gourley v. Shoemaker, infra, 392, S. C., C. C. 103. Woods v. Van Rankin, 1 Caines’ R. 122. Spencer v. Hulbert, 2 id. 374. Duboys v. Frank, 3 id. 95. Franklin v. Underhill, 2 Johns. R. 374. Manning v. Downing, id. 453. Stoughtenburgh v. Legg, id. 481. As to actions ex delicto, Serially v. Wells, 1 Cowen, 196, and n. (a) as to the meaning of stipulation to give material evidence; Hall v. Coe, 4 id. 15; Vanderzee v. Van Dyck, 1 id. 600; Duryee v. Oraott, 9 Johns. R. 248. Change of venue may be moved for either, 1, for the purpose of procuring a fair and impartial trial, ,or 2, on account of the *289 convenience, of parties and of witnesses; 2 R. S. 409, § 2. The former ground is considered in the note to Scott v. Gibbs, infra, vol. 2, p. 116. With regard to the latter, it appears from the cases cited above, that a stipulation on behalf •of the plaintiff to give material evidence in the county where the venue was laid, constituted an answer to a motion to change it in actions ex delicto, and in the earlier practice in actions ex contractu, but the statute has altered this rule in both forms of actions, by defining as above stated, the purposes for which this motion may be made. 'But neither the residence of a greater number of witnesses in an adjoining state, adjacent to the place of trial laid in the declaration, although the plaintiff has obtained assurances that most of. those witnesses will attend; Bank of St. Albans v. Knickerbacker, 6 Wend. 541; see also Canfield v. Lindley, 4 Cowen, 532; Wood v. Bishop, 5 id. 414; Peet v. Billings, 2 Wend. 282; nor, the residence of a greater number of witnesses in the county from which the venue is sought to be" moved, when witnesses to prove the same facts, e. gr. value of /services as attorney arid counsel in the county to which removal is sought, can be procured in the latter county, constitutes a sufficient reason to retain the venue. Benedict v. Hibbard, 5 Hill, 509. Under the Revised Statutes, the ground for granting or denying a change of venue, generally lies in the number and residence of witnesses,, their value to be shown under the advice of counsel according to the forms prescribed by the rules' of practice; Anon. 1 Hill, 668, 669 5 Id. 3 Wend 425; Constantine v. Dunham, 9 id. 431; Onondaga Co. Bank v. Shepherd, 19 id. 10; Gra. Prac. 2d ed. .561, 562; See also 4 Hill, 62-70, n. (a); where the whole subject is elaborately considered, and "forms of affidavits, notices and orders relating to change of venue are given.